UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| Wilmington Trust Company, as Indenture Trustee and Institutional Trustee,<br><br>                         Plaintiff,<br><br>                     v.<br><br>Florida First City Banks, Inc.,<br><br>                         Defendant. | Civil Action No. 19-8443<br><br>**COMPLAINT** |

Plaintiff Wilmington Trust Company (the "Trustee"), in its capacity (i) as Indenture Trustee (the "Indenture Trustee") under an Indenture between Florida First City Banks, Inc., and Wilmington Trust Company, dated as of June 15, 2005 (the "Indenture") and (ii) as Institutional Trustee (the "Institutional Trustee") and Delaware Trustee under the Amended and Restated Declaration of Trust between Florida First City Banks, Inc. and Wilmington Trust Company, dated as of June 15, 2005 (the "Declaration") through counsel, hereby brings this Complaint against Florida First City Banks, Inc. (the "Company"), and alleges as follows:

<u>**NATURE OF THE CASE**</u>

1. This is a collections action that arises of out the Company's continuing defaults under of the terms of the Indenture and the Declaration.

2. In 2005, the Company issued $5,155,000.00 in debentures (the "Debentures") pursuant to the Indenture.

3. The Debentures were deposited into, and are held by, a trust (the "Trust") governed by the Declaration.

1

4. That Trust issued (i) 5,000 Capital Securities with an aggregate liquidation amount of $5,000,000 (the "Capital Securities") and (ii) 155 Common Securities with an aggregate liquidation amount of $155,000 (the "Common Securities," and together with the Capital Securities, the "Securities").

5. The Capital Securities are held by the public and the Common Securities are held by the Company.

6. Under the terms of the Indenture, the Company was required, among other things, to make quarterly interest payments on the Debentures.

7. The Declaration requires that the Institutional Trustee, pursuant to the terms of the Securities, make distributions to the holders of Securities from the payments made by the Company under the Debentures.

8. The Company has failed to make any payments of interest under the Debentures since December 2008, resulting in an Acceleration Event of Default, as that term is defined in the Indenture.

9. Pursuant to the terms of the Declaration, an Event of Default under the Indenture constitutes an Event of Default under the Declaration.

10. Pursuant to the terms of the Indenture, the Trustee has declared the entire principal of the Debentures and interest accrued thereon, along with all other sums payable under the Indenture, to be due and payable immediately.

11. The Company failed to make the required payments, and the Trustee commenced this action to recover same.

## PARTIES

12. Plaintiff Wilmington Trust Company is a Delaware trust company, acting solely in its capacities as:

    a. Indenture Trustee pursuant to the Indenture, under which the Company issued the Fixed/Floating Rate Junior Subordinated Deferrable Interest Debentures Due 2035 in the principal amount of $5,155,000.00; and

    b. Institutional Trustee and Delaware Trustee pursuant to the Declaration dated as of June 15, 2005, by and among the Institutional Trustee, the Delaware Trustee, the Company, as Sponsor, and the Administrators named therein.[1]

13. Upon information and belief, Defendant Florida First City Banks, Inc. is a Florida corporation with its principal place of business in Fort Walton Beach, Florida.

## JURISDICTON AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### Relevant Provisions of the Indenture

16. Pursuant to the Indenture, the Company issued the Debentures.

---

[1] The Trustee also acts as Guarantee Trustee under the Guarantee Agreement (the "Guarantee") dated as of June 15, 2005, between the Company, as Guarantor, and the Guarantee Trustee. The Indenture, the Declaration, and the Guarantee are collectively referred to as the "Trust Documents."

17. Pursuant to the Indenture, the Company was required to, among other things, make quarterly interest payments on the Debentures (the "Interest Payments").

18. The Indenture permitted the Company to defer making Interest Payments for up to 20 consecutive quarters, or 5 years, under certain circumstances.

19. Specifically, Section 2.11 of the Indenture states that:

> <u>Extension of Interest Payment Period</u>. So long as no Acceleration Event of Default has occurred and is continuing, the Company shall have the right, from time to time, and without causing an Event of Default, to defer payments of interest on the Debentures by extending the interest payment period on the Debentures at any time and from time to time during the term of the Debentures, ***for up to 20 consecutive quarterly periods*** (each such extended interest payment period, an 'Extension Period'), during which Extension Period no interest (including Additional Interest) shall be due and payable...

(emphasis added).

20. Section 2.11 of the Indenture requires that at the end of any such Extension Period the Company shall pay all interest then accrued and unpaid on the Debentures" (together with Additional Interest thereon)."[2]

21. The Company's failure to timely make Interest Payments upon the expiration of an Extension Period constitutes an Event of Default under the Indenture.

22. Specifically, under Section 5.1(a) of the Indenture, an "Event of Default" occurs when "the Company defaults in the payment of any interest upon any Debenture, including any Additional Interest in respect thereof, following the nonpayment of any such interest for twenty or more consecutive Distribution Periods."

---

[2] "Additional Interest" is defined as interest accrued on Interest Payments deferred during an Extension Period.

4

23. An Event of Default under Section 5.1(a) of the Indenture amounts to an "Acceleration Event of Default." *See* Indenture at 1 (definition of "Acceleration Event of Default.").

24. The occurrence of an Acceleration Event of Default permits the Indenture Trustee to accelerate all sums due and owing under the Debentures.

25. Specifically, Section 5.1 of the Indenture states:

> If an Acceleration Event of Default occurs and is continuing with respect to the Debentures, then, and in each and every case, unless the principal of the Debentures shall have already become due and payable, either the Trustee or the holders of not less than 25% in aggregate principal amount of the Debentures then outstanding hereunder, by notice in writing to the Company … may declare the entire principal of the Debentures and the interest accrued thereon, if any, to be due and payable immediately, and upon any such declaration the same shall become immediately due and payable.

26. Upon such acceleration, the Company is obligated to pay upon the Indenture Trustee's demand all outstanding principal, premium, if any, accrued interest, and costs of collection, including attorney's fees.

27. Specifically, Section 5.2 of the Indenture states:

> <u>Payment of Debentures on Default; Suit Therefor</u>. The Company covenants that upon the occurrence of an Event of Default pursuant to Section 5.1(a) or (b), then, upon demand of the Trustee, the Company will pay to the Trustee, for the benefit of the holders of the Debentures the whole amount that then shall have become due and payable on all Debentures for principal and premium, if any, or interest, or both, as the case may be, with Additional Interest accrued on the Debentures … and, in addition thereto, such further amount as shall be sufficient to cover the costs and expenses of collection, including a reasonable compensation to the Trustee, its agents, attorneys and counsel, and any other amounts due to the Trustee under Section 6.6.

**Relevant Provisions of the Declaration**

28. Separately, an Event of Default under the Indenture constitutes an Event of Default under the Declaration.

29. Specifically, the Declaration defines an "Event of Default" to include Indenture Event of Default, and further defines an "Indenture Event of Default" to "mean[] an 'Event of Default' as defined in the Indenture." *See* Declaration at 4, 8 (definitions of "Event of Default" and "Indenture Event of Default").

30. Under Section 2.8(a) of the Declaration, the legal title to Debentures is owned and held by the Institutional Trustee for the benefit of the Trust.

31. Under Section 2.8(f) of the Declaration, the Institutional Trustee has the power to exercise all rights of Debenture holders under the Indenture and, upon the occurrence of an Event of Default under the Declaration, may enforce its rights as the holder of the Debentures.

32. Specifically, Section 2.8(f) of the Declaration states:

> The Institutional Trustee shall have the legal power to exercise all of the rights, powers and privileges of a Holder of the Debentures under the Indenture and, if an Event of Default occurs and is continuing, the Institutional Trustee may, for the benefit of Holders of the Securities, enforce its rights as holder of the Debentures subject to the rights of the Holders pursuant to this Declaration (including Annex I) and the terms of the Securities.

33. The enforcement rights of the Institutional Trustee under the Declaration are additionally provided for in Section 2.8(d) (the right to bring legal action with respect to an Event of Default under the Declaration) and in Section 2.6(a)(ii)(E) (the right to exercise all of the rights of a holder of the Debentures.

**Company's Failure to Pay and Resulting Events of Default**

34. The Company initially made Interest Payments as required by the Indenture.

35. On or about March 10, 2009, the Company issued the first of a series of notices pursuant to which it purported to defer Interest Payments under the terms of the Indenture, beginning with the quarterly interest payment due on March 15, 2009.

36. The 20 consecutive quarterly periods during which the Company could defer Interest Payments under Section 2.11 of the Indenture ended on March 15, 2014.

37. As a result, the Company was required to resume making Interest Payments starting on the next business day, or on March 17, 2014.

38. The Company failed to resume Interest Payments on March 17, 2014.

39. The Company has made no Interest Payments since December 2008.

40. On June 17, 2014, the Trustee notified the Company pursuant to the Trust Documents that, among other things, pursuant to Section 5.1(a) of the Indenture, an Event of Default has occurred (the "Notice of Default").

41. The Company did not dispute that an Event of Default has occurred in response to the Notice of Default.

42. The Company did not resume Interest Payments following the Notice of Default.

43. On April 8, 2019, the Trustee issued a Notice of Acceleration and Demand for Payment (the "Notice of Acceleration and Demand for Payment") under the Trust Documents.

44. The Notice of Acceleration and Demand for Payment (i) declared that, pursuant to Section 5.1(a) of the Indenture, an Acceleration Event of Default had occurred due to the Company's failure to make Interest Payments; and (ii) demanded payment in the amount of $7,057,441.97, representing the principal amount of and the accrued interest (including any Additional Interest) on the Debentures, plus amounts then due and owing under the Indenture for fees and expenses of the Indenture Trustee, including attorney's fees.

45. The Trustee commenced this action seeking a judgment for all principal, accrued interest, and all other amounts owed under the Indenture.

46. As result of the Company's default under the Indenture, the Company has cross-defaulted under the terms of the Declaration.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

47. The Trustee repeats and realleges the allegations in Paragraphs 1 through 46 as if fully set forth herein.

48. The Indenture and the Declaration are valid and binding contracts.

49. The Debentures issued pursuant to the Indenture are valid and binding obligations of the Company.

50. The Trustee, in its respective capacities as Indenture Trustee and Institutional Trustee, has fully complied with all the terms and conditions of the Indenture and the Declaration and has thus fully performed its obligations thereunder.

51. The Company breached the terms of the Indenture, and has failed to pay on the Debentures, by, among other things, failing to make Interest Payments upon the Debentures when such Interest Payments were due and payable.

52. Pursuant to Section 5.1(a) of the Indenture, an Acceleration Event of Default has occurred.

53. Under the terms of the Declaration, and Event of Default under the Indenture gave rise to an Event of Default under the Declaration.

54. Pursuant to Section 5.1 of the Indenture, the Trustee declared all amounts due under the Debentures to be immediately due and payable.

55.     As a result, the entire principal of the Debentures and all interest accrued thereon are due and payable, along with reasonable compensation of the Trustee and its attorney's fees.

56.     Despite due demand, the Company has failed to make all payments due and owing.

57.     As a result of the Company's breach, the Trustee is entitled to damages in the amount of $7,057,441.97, plus accrued and unpaid interest, and additional damages to be determined at trial, including such amounts as may become due and owing for fees and expenses of the Trustee, including attorney's fees.

**DEMAND FOR RELIEF**

WHEREFORE, the Trustee respectfully demands entry of judgment against the Company, granting relief as follows:

A. With respect to the First Claim for Relief against the Company, for breach of contract in the amount of $7,057,441.97, plus accrued and unpaid interest, and additional damages to be determined at trial, including such amounts as may become due and owing for fees and expenses of the Trustee, including attorney's fees.

B. Such other and further relief as this Court deems just and proper.

Dated: September 11, 2019
New York, New York

ARENT FOX LLP

By: /s/ Mark A. Angelov
Andrew I. Silfen
Mark A. Angelov
Jordana L. Renert
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 484-3900
Fax: (212) 484-3990
Email:  andrew.silfen@arentfox.com
mark.angelov@arentfox.com
jordana.renert@arentfox.com

*Attorneys for Plaintiff Wilmington Trust Company, as Indenture Trustee and Institutional Trustee*